NOT FOR PUBLICATION                                    MAY 22 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BRIAN STONE, | No. 11-35426 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00138-RMP |
| v. | |
| | MEMORANDUM[*] |
| YSIDRO BECERRA, Correctional Unit Supervisor; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Former Washington state prisoner Robert Brian Stone appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

prison officials deprived him of a meaningful review of his grievances and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

retaliated and conspired against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Stone's claim regarding the denial of a meaningful review of his grievances because there is no constitutional right to receive a particular type of review of a prison grievance. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court properly dismissed Stone's retaliation claims because Stone failed to allege that defendants' actions were motivated by his filing of grievances and did not advance a legitimate correctional purpose. *See Pratt v. Rowland*, 65 F.3d 802, 807-09 (9th Cir. 1995) (the timing of adverse actions alone is not sufficient to support the inference of a retaliatory motive; a prisoner must show that there were no legitimate correctional purposes for conduct alleged to be retaliatory).

The district court properly dismissed Stone's conspiracy claim because Stone failed to allege facts showing that defendants agreed to violate his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow the court to draw a reasonable inference that the

2

defendants is liable for the misconduct alleged"); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (conspiracy requires the existence of an agreement or meeting of the minds to violate constitutional rights).

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in Stone's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**